JAN I. GOLDSMITH, City Attorney
ANDREW JONES, Assistant City Attorney
KEITH W. PHILLIPS, Deputy City Attorney
California State Bar No. 190664
     Office of the City Attorney
     1200 Third Avenue, Suite 1100
     San Diego, California 92101-4100
     Telephone:  (619) 533-5800
     Facsimile:  (619) 533-5856

Attorneys for Defendant
CITY OF SAN DIEGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA WILDE, | Case No.  12cv1262 DMS (BGS) |
|      Plaintiff, | **DEFENDANT CITY OF SAN DIEGO'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
|      v. | |
| CITY OF SAN DIEGO, a municipal corporation; ANTHONY AREVALOS; and DOES 1 through 20, | |
|      Defendants. | Date:     May 16, 2013<br>Time:     1:30 p.m.<br>Judge:    Hon. Dana M. Sabraw<br>Ctrm:     10, Second Floor<br>Trial Date:  Not Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

Page

I    SUMMARY OF THE OPPOSITION.**Error! Bookmark not defined.**

II    BRIEF STATEMENT OF THE FACTS ...........**Error! Bookmark not defined.**

III    LEGAL ANALYSIS ....................................**Error! Bookmark not defined.**

    A.    The United States Supreme Court Prohibited Awarding Fees Based Upon Contingency Fee Agreements ............. **Error! Bookmark not defined.**

    B.    Plaintiff Erroneously Relies Upon The Johnson 12 Factors Test in Lieu of the Lodestar Method **Error! Bookmark not defined.**

    C.    It is Presumed that Plaintiff's Reasonable Attorney's Fee is His Normal Hourly Rate Multiplied by the Total Hours on the Matter ........**Error! Bookmark not defined.**

    D.    Plaintiff's Attorneys' Fees Should Be Reduced to Adjust for the Unreasonably High Hourly Rate Charged **Error! Bookmark not defined.**

    E.    Plaintiff's Claimed Attorneys' Fees Should be Reduced Because They Are Unnecessary, Excessive and/or Duplicative **Error! Bookmark not defined.**

        1.    More than Half of Plaintiff's Billing Were Related Solely to Plaintiff's Unnecessary and Unsuccessful State Law Claims ... **Error! Bookmark not defined.**

            a.    Plaintiff Filed Two Unnecessary and Unsuccessful Motions to be Relieved of the Claims Filing Requirements .......**Error! Bookmark not defined.**

            b.    Plaintiff Forced the City to File a Motion to Dismiss, Which This Court Granted Against All of Plaintiff's Claims, Except the Section 1983 Claim.......**Error! Bookmark not defined.**

        2.    Plaintiff's Counsel Advertises a Free Consultation but Charges the City $347.50 for the Initial Consultation ............................................12

        3.    Plaintiff's Attorneys Fees Are Duplicative ............ **Error! Bookmark not defined.**

    F.    A Reasonable Fee Would Be Akin to Similar Litigation . **Error! Bookmark not defined.**

G.      Taxpayers Will Ultimately Pay For Any Award .............. **Error! Bookmark not defined.**

H.      Plaintiff's Lawsuit Did Not Confer a Significant
        Benefit on the Public ................**Error! Bookmark not defined.**

I.      The Court Should Deny any Attorneys' Fees Incurred
        in Seeking Fees ........................**Error! Bookmark not defined.**

IV      CONCLUSION ...........................................**Error! Bookmark not defined.**

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Aguirre v. Los Angeles Unified School Dist.*,
    461 F.3d 1114 (9th Cir. (Cal.), 2006) ..............................................9

*Blanchard v. Bergeron*,
    489 U.S. 87, 109 S.Ct. 939, 946 (U.S.La., 1989)........................4, 6

*Chavez v. City of Los Angeles*,
    47 Cal.4th 970 (2010)................................................................8, 9

*Flannery v. Calif. Hwy. Patrol*,
    61 Cal.App.4th 629 (1998)............................................................16

*Garber v. City of Clovis*,
    698 F.Supp.2d 1204, 1217-18 (E.D. Cal., 2010) ...........................11

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ...........................................................4, 5, 6, 14

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974)..........................................................5

*Ketchum v. Moses*,
    24 Cal.4th 1122 (2001)..................................................................8

*McGown v. City of Fontana*,
    565 F.3d 1097 (9th Cir. 2009)...................................................8, 15

*Meister v. Regents of Univ. of Calif.*,
    67 Cal.App.4th 437 (1998)......................................................7, 9, 17

*Mendez v. County of San Bernardino*,
    540 F.3d 1109 (9th Cir. (Cal.), 2008) ...........................................6

*Munoz v. State of California*,
    33 Cal.App.4th 1767 (1995)...........................................................11

*Perdue v. Kenny A. ex rel. Winn*,
    559 U.S. 542, 130 S.Ct. 1662, 1672 (2010) ..................................6

*Rey v. Madera Unified School Dist.,*
    203 Cal.App.4th 1223 (2012)..............................................................13, 15

*San Diego Police Officers Assn. v. San Diego Police Dept,.*
    76 Cal.App.4th 19 (1999)................................................................15

*Serrano v. Unruh,*
    32 Cal.3d 621 (1982)....................................................................8, 9

*Serrano v. Priest,*
    20 Cal.3d 25 (1977).....................................................................15

*Sorenson v. Mink,*
    239 F.3d 1140 (9th Cir. 2001)........................................................7, 8

*Thayer v. Wells Fargo Bank,*
    92 Cal.App.4th 819 (2001)......................................................8, 12, 13

*Traditional Cat Ass'n, Inc. v. Gilbreath,*
    340 F.3d 829, (9th Cir. 2003)..........................................................5, 9

*Van Gerwen v. Guarantee Mut. Life Co.,*
    214 F.3d 1041 (9th Cir. (Cal.), 2000) ................................................5, 7

*Weeks v. Baker & McKenzie,*
    63 Cal.App.4th 1128 (1998)............................................................16

*Wills v. Reddin,*
    418 F.2d. 702 (9th Cir. 1969).........................................................10

**<u>Statutes</u>**

California Government Code
    § 945.4..................................................................................10
    § 945.6..................................................................................10

Defendant City of San Diego (hereinafter "City"), hereby respectfully submits the following opposition to Plaintiff Melissa Wilde's (hereinafter "Plaintiff") motion for attorneys fees [Doc. No. 12 *et seq*.]:

# I

## SUMMARY OF THE OPPOSITION

Plaintiff's counsel admittedly spent less than 100 hours in representing Plaintiff in this matter which settled in mediation before any discovery plan was in place or discovery exchanged.  Although Plaintiff's counsel claims a normal hourly rate of $695, Plaintiff is claiming $225,000 in legal fees.  Plaintiff is requesting $2,250.00 per hour for the 100 hours he spent on the matter which is unconscionable for a normal Section 1983 action where Plaintiff argues liability was not at issue.  The numbers do not lie:

| | |
|---|---|
| **$695**: | Hourly rate claimed by Plaintiff's counsel Mr. Mitchell. |
| **$2,250**: | Hourly rate claimed by Mitchell & Gilleon for 100 hours of work. |
| **324**: | The number of hours it would take to bill Plaintiff at the "Normal" hourly rate of $695 per hour to reach $225,000. |
| **6/7**: | The number of unsuccessful claims alleged by Plaintiff. |
| **99.7**: | Total number of hours worked on Wilde's case. |
| **55.3**: | Total number of hours Mitchell & Gilleon spent on the six unsuccessful state law claims. |
| **$6,667-$15,000**: | Fees Mitchell & Gilleon agreed to for each of the other five Plaintiffs they represented against the City and Arevalos. |
| **$68,561.50**: | Amount of Mitchell & Gilleon's bill for this matter (99.7 hours at either $695 or $495 per hour.) |

Plaintiff's counsel represented five other plaintiffs against the City and Arevalos contemporaneously with Plaintiff Wilde.  The issues were the same in all the cases.  The main difference, as Plaintiff argues, was that this matter was even less complex because Arevalos was convicted of soliciting a (sexual) bribe making liability "res judicata."  (Moving papers, [p. 11, lines 10-13].)  Therefore, counsel's

fee should be similar or less than the fee for the other five plaintiffs especially because they all settled in or immediately after mediation.  For each of the other five Plaintiffs, Mitchell & Gilleon agreed to a fee between $6,667 and $15,000 per plaintiff.  (Decl. of Keith Phillips, ¶¶ 2-4.)

Plaintiff's counsel admits the only significant tasks (excluding the unsuccessful prosecution of Plaintiff's pendent state law claims), that they performed in this matter were:

     1.    Prepare for and attend mediation with Thomas Sharkey;

     2.    Draft and file complaint; and

     3.    Mediate and settle the matter with retired Judge Lawrence Irving.

(Phillips Decl., ¶¶ 3, 6.)

Plaintiff's claimed attorney's fees are unconscionable given the fact that Plaintiff settled the case before the City even answered or discovery propounded.  (The parties went to mediation and settled the underlying claim, but not the attorney's fees.)  The parties never attended an Early Neutral Evaluation Conference and never prepared a discovery plan.  (Request for Judicial Notice No. 1.)  The parties never drafted initial disclosures or propounded any discovery.  (Phillips Decl., ¶ 7.)  Yet somehow, Plaintiff's counsel feels they are entitled to $2,250 per hour because they had a contingency fee agreement with Plaintiff.

Furthermore, the vast majority of Plaintiff's billing was for unsuccessfully trying to file state law claims that were clearly barred by the statute of limitations.  In fact, Mitchell & Gilleon billed 55.3 of the 99.7 hours on Plaintiff's two motions for leave to file her pendent state law claims against the City which the State Superior Court rejected based upon the obvious statute of limitations bar.  Plaintiff's counsel also spent 3.5 hours just alleging the barred state law claims in the Complaint which were dismissed by this Court.  On that basis alone, **Plaintiff's $68,561.50 bill should be reduced by half**.

/ / /

1   Plaintiff's counsel is also charging $347.50 for an initial consultation with

2   the Plaintiff when Plaintiff advertises a "free consultation" on his own website.

3   (See Phillips Decl., ¶ 9; Exhibit 5 to Phillips Decl.)  Finally, there is a single entry

4   of double billing for $69.50 on July 18, 2012.  (Phillips Decl., ¶ 10.)

5   This case is not complex, especially because Plaintiff alleges there is no

6   issue as to liability because it is "res judicata" based upon Arevalos' conviction.

7   (Moving papers, [p. 11, lines 10-13].)  Accordingly, Plaintiff's fees should be

8   reduced as follows:

9   **TOTAL FEES CHARGED ON BILL:**          **$68,561.50**

10  LESS FEES FOR STATE LAW CLAIMS:      $38,353.50

11  LESS FEES FOR SEEKING FEES:          $  8,861.25

12  LESS FEES FOR INITIAL CONSULTATION:  $    347.50

13  LESS FEES FOR DOUBLE BILLING:        $<u>      69.50</u>

14  **TOTAL AWARD:**          **$20,929.75**

15  For the reasons cited below, Plaintiff's allowable fees, (if Mr. Mitchell is

16  allowed to collect $695 per hour), would be $20,929.75 which is consistent with

17  similar representation by Mitchell & Gilleon.

18  **II**

19  **BRIEF STATEMENT OF THE FACTS**

20  On March 15, 2011, after seeing that former SDPD Traffic Officer Anthony

21  Arevalos had been arrested for various acts of sexual battery and soliciting bribes,

22  Ms. Melissa Wilde contacted the San Diego Police Department to complain of her

23  contact with former officer Arevalos.

24  Plaintiff had contact with Arevalos on October, 22, 2010.  Plaintiff admitted

25  she had been drinking with a friend in a nightclub in the Gaslamp area.  She said

26  she had about four vodka drinks during the time she was in the club.  She said she

27  was wearing low rise jeans and a low cut tank top.  She said she was not wearing a

28  bra.  She was parked in the 400 block of Island Avenue and as soon as she pulled

out of her parking place, she was stopped by Arevalos.  When he told her he wanted to administer a breath test, she adamantly refused and told him she did not want a DUI.  She said she would park her car and take a cab home.

Arevalos asked her, "What are you going to do about this?  Ultimately, Plaintiff agreed that Arevalos could "help himself" if Arevalos did not arrest Ms. Wilde for a DUI.  Arevalos touched Ms. Wilde's breast and the inside of her waistband of her low cut jeans and Ms. Wilde agreed to "flash" her breasts at Arevalos.  In return, Arevalos did not arrest Wilde for driving under the influence. That night, Ms. Wilde's only protest was having to take the breathalyzer.

After his arrest, Wilde reported it to the San Diego Police Department for the first time.  The jury convicted Arevalos on the charges filed on behalf of Ms. Wilde.

<h3 style="text-align:center">III</h3>

<h3 style="text-align:center">LEGAL ANALYSIS</h3>

**A.    The United States Supreme Court Prohibited Awarding Fees Based Upon Contingency Fee Agreements**

Plaintiffs rely on the following case law in arguing they should be awarded the amount of their contingency fee agreement:

> *Hamner v. Rios*, 769 F.2d 1404 (9th Cir. 1985);
> *Blum v. Stenson*, 465 U.S. 886 (1984);
> *Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir. 1986);
> *Riverside v. Rivera*, 477 U.S. 561 (1986);
> *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968);
> *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

In 1989, after all of Plaintiff's cited authorities, the United States Supreme Court ruled that "The contingent-fee model, premised on the award to an attorney of an amount representing a percentage of the damages, is . . . inappropriate for the determination of fees under § 1988."  *Blanchard v. Bergeron*, 489 U.S. 87, 96-97, 109 S.Ct. 939, 946 (U.S.La., 1989).  The Ninth Circuit Court of Appeal has

/ / /

confirmed that District Courts shall not base an award under section 1988 on a contingency fee agreement:

> A district court may not rely on a contingency agreement to increase or decrease what it determines to be a reasonable attorney's fee. *See Davis v. City & County of San Francisco,* 976 F.2d 1536, 1548-49 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993); *Quesada v. Thomason,* 850 F.2d 537, 543 (9th Cir. 1988) (holding that district court abused its discretion in applying downward multiplier to lodestar amount based on contingency agreement); *see also City of Burlington v. Dague,* 505 U.S. 557, 566-67, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) (holding that federal fee-shifting statutes do not allow for upward adjustments to lodestar amount based on contingency agreement).

*Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1048 (9th Cir. (Cal.), 2000).

Accordingly, it is improper for Plaintiff to request $225,000 in fees based upon the "value of their representation" as "reflected in [their] agreement" with their client.  As stated above, a contingency fee agreement may not even be used as a negative or positive multiplier.  (*Id.*)  Thus, the Courts must look to the *Lodestar* method to determine a reasonable fee under Section 1988.  *See, e.g., Traditional Cat Ass'n, Inc. v. Gilbreath,* 340 F.3d 829, 832-835 (9th Cir. 2003).

**B.  Plaintiff Erroneously Relies Upon The Johnson 12 Factors Test in Lieu of the Lodestar Method**

Plaintiff argues that the Court should consider seven factors (one of which is whether there is a contingency fee agreement) when determining what a "reasonable fee" is under Section 1988 citing to *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).  However, the Supreme Court is really referring to 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed

or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d, at 717-719. These factors derive directly from the American

*Hensley v. Eckerhart*, 461 U.S. 424, 430, 103 S.Ct. 1933, 1938 (1983).

Twenty Seven years later, the United States Supreme Court ruled that "This [*Johnson* 12 factors] method, however, 'gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results.' " *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S.Ct. 1662, 1672 (2010). The Court went on to say that the *Lodestar* method was not perfect, but the "method yields a fee that is presumptively sufficient to achieve this objective." *Id.* at p. 1673. Thus, contrary to Plaintiff's argument, the proper method for determining a "reasonable fee" under Section 1988 is the *Lodestar* method.

**C.    It is Presumed that Plaintiff's Reasonable Attorney's Fee is His Normal Hourly Rate Multiplied by the Total Hours on the Matter**

The "lodestar" is the presumptively reasonable rate, which is reached by multiplying the number of hours reasonably expended by the prevailing party with a reasonable hourly rate, then making any adjustments as necessary to account for factors not already subsumed within the initial lodestar calculation. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1129-30 (9th Cir. (Cal.), 2008). Here, Plaintiff admits her attorneys spent 99.7 hours on the matter for a grand total of $68,561.50 in fees. (See Phillips Decl., ¶ 6; Exhibits 1-3 to Phillips Decl.) It is presumed this is a reasonable fee for Plaintiff. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1129-30 (9th Cir. (Cal.), 2008). However, Plaintiff's fees are subject to reduction for unnecessary fees, etc. (*Id.* See also *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Blanchard v. Bergeron*, 489 U.S. 87, 96-97, 109

S.Ct. 939, 946 (U.S.La., 1989); *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1048 (9th Cir. (Cal.), 2000).)

**D.   Plaintiff's Attorneys' Fees Should Be Reduced to Adjust for the Unreasonably High Hourly Rate Charged**

In exercising its discretion, the court may "consider all of the facts and the entire procedural history of the case in setting the amount of a reasonable attorney's fees award." *Meister v. Regents of Univ. of Calif.,* 67 Cal.App.4th 437, 452 (1998).  Furthermore, when using the lodestar method to calculate attorney fees under the FEHA, the ultimate goal is "to determine a 'reasonable' attorney fee, and not to encourage unnecessary litigation of claims that serve no public purposes either because they have no broad public impact or because they are factually or legally weak." *Chavez,* 47 Cal.4th at 985.

Plaintiff claims that Mr. Mitchell's hourly rate is $695 per hour.  Plaintiff justifies that rate based on Mr. Mitchell's experience and credentials.  However, the *Lodestar* method is not a subjective standard, but is an objective standard for what a reasonable rate would be in the community.  *Sorenson v. Mink,* 239 F.3d 1140, 1146 (9th Cir. 2001).  Today, panel attorneys are paid an hourly rate of $125 per hour in non-capital cases, and, in capital cases, a maximum rate of $178 per hour.  (http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel.aspx.)

Plaintiff fails to justify $695 as a reasonable rate for a lawyer in this matter considering the very simple nature of this case.  Plaintiff Wilde was one of six Plaintiffs suing the City and Arevalos for excessive force under Section 1983. (Phillips Decl., ¶ 2.)  It was an excessive force case under Section 1983. Moreover, Plaintiff argues in her moving papers that liability was not at issue due to Arevalos' conviction which made the liability issue in this matter res judicata. (Moving papers, [p. 11, lines 10-13].)  Accordingly, the only issue at trial would have been Plaintiff's damages according to Plaintiff.  (*Id.*)  Thus, the objectively reasonable rate for this matter should be no more than $500 per hour because it is a

1  reasonable rate in the community wherein liability was not at issue.  In any event,

2  Mr. Mitchell's skill and experience are subjective factors that do not dictate what

3  the objectively reasonable rate is.

4  **E.     Plaintiff's Claimed Attorneys' Fees Should be Reduced Because They**

5  **Are Unnecessary, Excessive and/or Duplicative**

6  Attorney's fees may be awarded only for hours *reasonably spent*.  *Ketchum*

7  *v. Moses,* 24 Cal.4th 1122, 1137 (2001).  "[T]he predicate of *any* attorney fee

8  award, whether based on a percentage-of-the-benefit or a lodestar calculation is the

9  necessity and usefulness of the conduct for which compensation is sought."

10 *Thayer v. Wells Fargo Bank,* 92 Cal.App.4th 819, 846 (2001) (italics in orig.).

11 Thus, the court should properly <u>exclude</u> hours "that are excessive, redundant, or

12 **<u>otherwise unnecessary</u>**."  *McGown v. City of Fontana,* 565 F.3d 1097, 1102 (9th

13 Cir. 2009) (emphasis added).  In other words, the court may reduce hours claimed

14 when the time was "not reasonably expended," such as where the record reflects

15 duplicative efforts.  *Sorenson v. Mink,* 239 F.3d 1140, 1146 (9th Cir. 2001).

16 "Padding" is not subject to compensation.  *Ketchum,* 24 Cal.4th at 1132.  In fact,

17 the California Supreme Court has held that "[a] fee request that appears

18 unreasonably inflated is a special circumstance permitting the trial court to reduce

19 the award or deny one altogether."  *Serrano v. Unruh,* 32 Cal.3d 621, 635 (1982);

20 accord, *Ketchum*, 24 Cal.4th at 1137-1138.  In *Serrano v. Unruh,* the California

21 Supreme Court cited with approval a federal case encouraging a complete <u>denial</u> of

22 fees where the fee request was unreasonably excessive.

23              If … the Court were required to award a reasonable fee
24              when an outrageously unreasonable one has been asked
                 for, claimants would be encouraged to make
25              unreasonable demands, knowing that the only
                 unfavorable consequence of such misconduct would be
26              reduction of their fee to what they should have asked in
                 the first place.  <u>To discourage such greed, a severer</u>
27              <u>reaction is needed</u>.

28 *///*

1  *Serrano v. Unruh*, 32 Cal.3d at 635, citing *Brown v. Stackler,* 612 F.2d 1057, 1059

2  (7th Cir. 1980) (emphasis added); *Meister v. Regents of Univ. of Calif.,*

3  67 Cal.App.4th 437, 452 (1998).  Likewise, in *Chavez v. City of Los Angeles,*

4  47 Cal.4th 970, 976 (2010), the California Supreme Court held that a grossly

5  inflated fee request <u>alone</u> was sufficient to justify denying attorney fees altogether.

6  *Chavez,* 47 Cal.4th at 991.

7
        **1.**     **More than Half of Plaintiff's Billing Were Related Solely to**
                  **Plaintiff's Unnecessary and Unsuccessful State Law Claims**

8

9  "In *Hensley,* the Supreme Court considered "whether a partially prevailing

10  plaintiff may recover an attorney's fee [under § 1988] for legal services on

11  unsuccessful claims."  461 U.S. at 426, 103 S.Ct. 1933.  ***The [United States***

12  ***Supreme] Court held that a partially prevailing plaintiff generally may not***

13  ***recover fees for her unsuccessful claims***: "the level of a plaintiff's success is

14  relevant to the amount of fees to be awarded."  *Id.* at 430, 103 S.Ct. 1933.  The

15  [Supreme] Court concluded that "Congress has not authorized an award of fees

16  whenever it was reasonable for a plaintiff to bring a lawsuit or whenever

17  conscientious counsel tried the case with devotion and skill.  ... [T]he most critical

18  factor is the degree of success obtained."  *Id.* at 436, 103 S.Ct. 1933.  Significantly,

19  the Court declared the standard announced in *Hensley* to be "generally applicable

20  in all cases in which Congress has authorized an award of fees to a 'prevailing

21  party.' "  *Id.* at 433 n. 7, 103 S.Ct. 1933."  *Aguirre v. Los Angeles Unified School*

22  *Dist.*, 461 F.3d 1114, 1118 (9th Cir. (Cal.), 2006).

23  ***Time spent on unsuccessful claims may be excluded from the Lodestar***

24  ***calculation.***  *Traditional Cat Ass'n, Inc. v. Gilbreath,* 340 F.3d 829, 832-835 (9th

25  Cir. 2003).

26        In the instant case, Plaintiff's fee request is unreasonably inflated.  Plaintiff's

27  counsel spent 55.3 out of 99.7 total hours on the clearly barred claims.  (Phillips

28  Decl., ¶ 8; Exhibit 2-3 to Phillips Decl.)  Plaintiff's first six claims out of seven

were barred because Plaintiff failed to file a claim.  (Phillips Decl., ¶ 8.)  Plaintiff

acknowledged the fact that she did not file a claim.  (Complaint, ¶ 26.)  However,

as will be discussed below, Plaintiff insisted on filing two unsuccessful motions for

relief from the claims filing requirements and adamantly refused to withdraw her

claims which eventually forced the City to file a Motion to Dismiss, which this

Court granted.  (See Document #11.)

### a.   Plaintiff Filed Two Unnecessary and Unsuccessful Motions to be Relieved of the Claims Filing Requirements

The California Government Claims Act conditions the right of a "suit for

money or damages" against a public entity, by requiring that any such cause of

action be based upon prior compliance with the claim presentation provisions of

the Government Code.  Cal. Gov't Code §§ 945.4-945.6.  Under California law,

compliance with statutes which condition the right to sue a public entity, are more

than procedural requirements, they are elements of a cause of action and condition

precedent to the maintenance of an action against the public entity and/or its

employee(s).  *Wills v. Reddin*, 418 F.2d. 702 (9th Cir. 1969).  Government Code

section 911.2 grants a plaintiff six months to file a claim after the date of the

incident.

In this action, there is no dispute that Plaintiff failed to file a timely claim

with the City in compliance with the aforementioned Government Claims Act.

(Complaint, ¶ 26.)  Plaintiff alleged in her Complaint that the date of the incident

was October 22, 2010.  (Compliant, ¶ 14.)  Plaintiff also alleged that she filed a

claim against the City for damages on November 15, 2011, **thirteen months after**

**the incident**.  (Complaint, ¶ 22.)  Accordingly, Plaintiff's first six claims for relief,

(pendent state claims) are barred by California Government code section 911.2.

Furthermore, Plaintiff couldn't even seek relief from the Government

Claims Act because she failed to file a petition within the one-year period.

Government Code section 946.6(c) and subdivision (b) of Section 911.4 provide a

one-year statute of limitations for Plaintiff's petition.  Therefore, Plaintiff's first claim for relief, a petition to file a late claim was undeniably barred by the one-year statute of limitations for filing such a petition.

Plaintiff admits that the incident occurred on October 22, 2010.  (Complaint, ¶ 26.)  She also admits that she did not file her application to file a late claim within the one-year period, by October 22, 2011.  (Complaint, ¶ 26.)  Plaintiff did not file the required petition to file a late claim with the Court in compliance with Government Code section 946.6(a) until April 26, 2012, when she filed the Complaint in this action.  Plaintiff's "Petition" was not filed until eighteen months after the cause of action accrued.  (Complaint, ¶ 26.)  Accordingly, Plaintiff's unsupported "Petition" was clearly untimely and barred by the statute of limitations.

In fact, the Court loses jurisdiction to grant relief from the Government Claims Act after one year.  *Garber v. City of Clovis*, 698 F.Supp.2d 1204, 1211-12, 1217-18 (E.D. Cal., 2010) citing *Munoz v. State of California,* 33 Cal.App.4th 1767, 1779 (1995).  (In California, a plaintiff's pendent state law claims against a municipal employee is barred unless the plaintiff complied with the Government Claims Act, and if they do not, the plaintiff must file a petition *within a year* to be excused *or the courts are "without jurisdiction to grant relief* under Section 946.6.)

Despite the black letter law and mountain of case law specifically precluding Plaintiff's first six claims, Plaintiff filed not one but <u>two</u> futile motions to be relieved of the claims filing requirements, one with this Court and one with the California Superior Court.  (See documents 2-1 through 2-5; Declaration of Keith Phillips, ¶ 8; Exhibit 4 to Phillips Decl.)  Both were unsuccessful.  (*Id.* and Exhibit 4 to Phillips Decl.)  Therefore, the Court should reduce the hours reasonably spent by Plaintiff's counsel on the matter by 55.3 hours or $38,353.50 (if Plaintiff is

/ / /

allowed to charge $695 per hour) in total fees related to Plaintiff's pendent state claims.  (See Phillips Decl., ¶ 8; Exhibit 2-3 to Phillips Decl.)

> **b.  Plaintiff Forced the City to File a Motion to Dismiss, Which This Court Granted Against All of Plaintiff's Claims, Except the Section 1983 Claim**

Plaintiff's refusal to dismiss her pendent state law claims because they were clearly barred by the statute of limitations forced the City to file a motion to dismiss, which was granted as to every one of Plaintiff's claims, but for the Section 1983 claim.  (Doc. 11.)

Therefore, Plaintiff's refusal to dismiss the claims in conformity with the legal precepts identified above was unreasonable and the City's Motion to Dismiss was well taken.  Plaintiff's fees incurred in drafting six of the seven claims for relief, for prosecuting claims barred by the statute of limitations, filing two unsuccessful motions for relief from the claim filing statutes and for opposing a motion to dismiss the frivolous claims was unreasonable and unnecessarily inflated Plaintiff's fees.  The fees are included in the 55.3 hours identified above and part of the $38,353.50 that Plaintiff requests payment on at $695 per hour.

> **2.  Plaintiff's Counsel Advertises a Free Consultation but Charges the City $347.50 for the Initial Consultation**

The very first entry on Plaintiff's Counsel's invoice is for a half-hour by Mr. Mitchell for "Initial telephone conference with client on facts of claim against City, A. Arevalos . . ."  However, Plaintiff's web page advertises a "Free Initial Consultations."  (Phillips Decl., ¶ 9; Exhibit 5 to Phillips Decl.)  The court should reduce Mr. Mitchell's fee by $347.50 or .5 hours because his normal hourly rate for initial consultations is admittedly free.

> **3.  Plaintiff's Attorneys Fees Are Duplicative**

In *Thayer, supra,* 92 Cal.App.4th 819, the appellate court reversed a fee award of $215,000 because of the "unjustified duplication of work that took

1   place." *Id*. at 834.  As the court noted, "[d]uplication was, indeed, the hallmark"

2   with multiple hours spent in correspondence and phone calls between the different

3   attorneys representing the parties claiming fees.  *Id.* at 840-841 (emphasis added).

4   Under these circumstances, the court found that "the *unquestioning* award of

5   generous fees may encourage duplicative and superfluous litigation and other

6   conduct deserving no such favor." *Id.* at 839 (italics in original).

7          Similarly, in *Rey v. Madera Unified School Dist.,* 203 Cal.App.4th 1223

8   (2012), the appellate court held that the trial court had not abused its discretion

9   when it significantly cut the number of compensable hours (from over 3,000 down

10  to 500) after determining that the hours claimed by plaintiffs' attorneys in the case

11  were **duplicative** and thus inflated.  *Rey*, 203 Cal.App.4th at 1243-1244.

12         In this matter, a very small portion of Plaintiff's counsel's billing was

13  unnecessarily duplicative.  However, since Plaintiff's counsel is charging $695 per

14  hour, a 1/10th billing for $69.50 must be addressed.  Here, Mr. Mitchell bills .10

15  hours for preparation of an e-mail to his partner Dan Gilleon concerning the City's

16  informal statement on the motion to dismiss.

17         Accordingly, based upon *Thayer v. Wells Fargo Bank,* 92 Cal.App.4th 819,

18  846 (2001), et al., the court should strike .1 hours of Mr. Mitchell's time as

19  duplicative because it was for communication between Messrs. Mitchell and

20  Gilleon who both represent the same party claiming fees.  *Id.* at 840-841.

21         In sum, Plaintiff's attorneys' fee request is unreasonably and significantly

22  inflated.  Plaintiff's counsel has over-billed their time claiming unreasonable fees

23  for time spent on unsuccessful claims and unnecessary work, and duplicative

24  efforts.  Plaintiff is charging taxpayers for work it admittedly does for free, i.e., the

25  initial consultation.  Accordingly, the Court should reduce any award to account

26  for the fact that Plaintiff incurred litigation fess unreasonably and unnecessarily

27  and submitted such an unreasonable fee request to the Court.

28  / / /

**F.     A Reasonable Fee Would Be Akin to Similar Litigation**

When determining a "reasonable fee," the Court may consider fee awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430, 103 S.Ct. 1933, 1938 (1983).

This case is unique in that Mitchell & Gilleon represented not only Plaintiff Wilde in this matter, but also represented the following five plaintiffs against the same defendants:

    1.    *Melissa Marin v. City of San Diego and Anthony Arevalos.* Case No. 12cv1264 JLS (BGS);

    2.    *Talia Tortora and Lacy White v. City of San Diego and Anthony Arevalos,* Case No. 12cv1265 MMA (WMC);

    3.    *Mary Bracewell v. City of San Diego and Anthony Arevalos,* Case No. 12cv1266-WQH (JMA);

    4.    *Clark Wong v. City of San Diego and Anthony Arevalos*, Case No. 12-CV-1818 W (JMA).

(Request for Judicial Notice, No. 2.)

All six plaintiffs represented by Mitchell & Gilleon settled in mediation at the same time but for Mr. Wong who settled shortly after. (Phillips Decl., ¶ 3-4.) Plaintiff's fees for each are as follows:

    1.    Melissa Marin: $15,000;

    2.    Talia Tortora and Lacy White: $25,000 (Total for representing two plaintiffs);

    3.    Mary Bracewell: $15,000;

    4.    Clark Wong: $6,666.67.

(Phillips Decl., ¶ 3-4.)

In Mitchell & Gilleon's representation of the other five plaintiffs against the City and Anthony Arevalos, Mitchell & Gilleon's fees were between $6,667 and $15,000 per plaintiff for the same representation. (Phillips Decl., ¶ 3-4.) The

representation was on the same issues of law and all of the cases settled in mediation before discovery.  (Phillips Decl., ¶ 5.)  There is no need for a multiplier in this matter.

## G.   Taxpayers Will Ultimately Pay For Any Award

Additionally, in determining the amount of attorney's fees to award against a public entity, the California Supreme Court has expressly held that a trial court may consider "the fact that an award against [the public entity] would ultimately fall upon the taxpayers." *Serrano v. Priest,* 20 Cal.3d 25, 49 (1977); see also *San Diego Police Officers Assn. v. San Diego Police Dept,.* 76 Cal.App.4th 19, 24 (1999) [affirming application of negative multiplier, which trial court based on several factors, including that "the award of fees would ultimately be borne by the taxpayers"].

In *Rey v. Madera Unified School Dist.,* 203 Cal.App.4th 1223 (2012), for example, the court noted that, "while there was no evidence the District would get additional revenues from the taxpayers to pay the award, it was likely that any amount paid by the District would instead be cut from educational services that would otherwise be provided to the District's students." *Id.* at 1243.  The court in *Rey* ultimately reduced plaintiff's counsel's compensable hours from over 3,000 down to 500. *Id.*

In this case, like in *Rey,* any amount awarded against the City will reduce the funds available to the City for services to the public.  Accordingly, the Court should consider the fact that any award for fees in this case will ultimately fall upon the taxpayers of San Diego and reduce the award appropriately or deny an award altogether.

## H.   Plaintiff's Lawsuit Did Not Confer a Significant Benefit on the Public

In setting a reasonable fee award, the court should also consider whether, and to what extent, the Plaintiff's lawsuit benefitted the public. *McGown,* 565 F.3d at 1105.  To determine this impact, the court should consider whether the Plaintiff

1    has affected a change in policy or a deterrent to widespread civil rights violations.

2    *Id*. In *Flannery v. Calif. Hwy. Patrol,* 61 Cal.App.4th 629 (1998), however, the

3    court rejected the argument that a private action brought by a plaintiff for her own

4    pecuniary benefit conferred a significant benefit on the public simply because it

5    purportedly "sent a message to the CHP and other governmental agencies" that

6    violations of the FEHA will not be tolerated.  *Id.* at 636.  Likewise, in *Weeks v.*

7    *Baker & McKenzie,* 63 Cal.App.4th 1128 (1998), the court found that the

8    plaintiff's sexual harassment "action was brought not to benefit the public, but as a

9    means of vindicating Week's own personal rights and economic interest."  *Id.* at

10   1170-1171.

11        Here, Plaintiff's lawsuit did not have any broad public impact or result in

12   significant benefit to anyone other than Plaintiff.  Like in *Flannery* and *Weeks*,

13   Plaintiff's lawsuit was brought purely as a means of vindicating Plaintiff's own

14   personal rights and economic interests.

15        Plaintiff had an opportunity to make a difference but passed when instead of

16   reporting Mr. Arevalos for soliciting a bribe, she made a deal with Mr. Arevalos to

17   avoid being arrested for driving under the influence.  Plaintiff never filed a

18   Complaint or brought to light the fact that Mr. Arevalos was soliciting bribes until

19   after he was arrested by SDPD on March 11, 2011.  Plaintiff waited until April 26,

20   2012, eighteen months after she agreed to let Arevalos touch her sexually to avoid

21   a DUI to file her civil complaint.  (Phillips Decl., ¶ 11.)

22        Had Plaintiff filed her Complaint and notified the police department about

23   Mr. Arevalos, arguably, other women would have been spared their experience

24   with Mr. Arevalos.  (Phillips Decl., ¶ 11.)  Plaintiff never sought injunctive relief

25   or any other relief other than to pad her pockets.  Hence, attorneys' fees incurred

26   by a plaintiff that affects many people can easily be distinguished from the instant

27   case.

28   / / /

**I.      The Court Should Deny any Attorneys' Fees Incurred in Seeking Fees**

Finally, Plaintiff should also be denied an award for attorney's fees incurred in seeking fees.  In *Meister, supra,* 67 Cal.App.4th 437, the court found that the plaintiff's fee request was unreasonably inflated and accordingly awarded the plaintiff <u>no attorney's fees</u> for the work performed by his attorneys in litigating his request for attorney's fees.  *Meister,* 67 Cal.App.4th at 455.  Where plaintiff's attorneys attempted to justify more than $500,000 in fees for a case which achieved a modest award, the court concluded that the attorney's fees incurred in attempting to justify this unreasonable request were not hours "reasonably spent" on the fee litigation.  *Id*.  Hence, the trial court was found to have properly denied plaintiff any recovery <u>for attorney's fees incurred in seeking fees</u>.  *Id*.

Similarly, in this case, Plaintiff is not entitled to seek attorney's fees incurred in seeking fees and costs.  *Meister,* 67 Cal.App.4th at 455.  The amount of fees Plaintiff seeks in filing her motion for attorney's fees is 12.75 hours of Mr. Mitchell's time for a total of $8,861.25 and should be deducted from the total fees per the Court's discretion.

**IV**

**<u>CONCLUSION</u>**

For all of the foregoing reasons, the Court should exercise its discretion and significantly <u>reduce</u> such an award by subtracting out the inappropriate attorneys' fees claimed.  The lack of complex issues, the lack of significant benefit to the public, the fact that any award will ultimately fall upon the taxpayers of San Diego, Plaintiff's counsel's unreasonable, unnecessary, excessive, and duplicative work and billing in this case, and Plaintiff's unreasonably inflated fees and costs request, call for such a result.  Significantly reducing Plaintiff's requested fees would mean a similar fee for the same representation as other cases handled by Plaintiff's counsel against Arevalos and the City which was between $6,667 and $15,000 per

/ / /

plaintiff.  This case was simpler due to the fact that as Plaintiff argues, the issue of liability is "res judicata" due to Arevalos' conviction.

Defendants urge the Court to award attorney's fees to Plaintiff in the amount of **$20,929.75** for the reasons stated above.

Dated:  May 3, 2013                    JAN I. GOLDSMITH, City Attorney


By   /s/  KEITH PHILLIPS
Keith Phillips
Deputy City Attorney

Attorneys for Defendant,
CITY OF SAN DIEGO